**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BIENVENIDO VIERNEZA, ) ) ) Plaintiff, ) ) vs. ) ) SCHENKER INCORPORATED, ) *dba* DB SCHENKER, ) ) ) Defendant. ) | Case No. Jury Trial Demanded |

## COMPLAINT

Plaintiff, BIENVENIDO VIERNEZA, by and through his attorneys Ronald C. Dahms and Sean C. Starr, alleges the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, ("Title VII") and 42 U.S.C. Section 1981 ("Section 1981") to challenge Defendant's unlawful discrimination against him based on his sex, race, and national origin. Plaintiff also seeks relief for retaliation he suffered as a result of complaining about the unlawful conduct. Additionally, Plaintiff asserts claims under federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA") and the Illinois Wage Payment Collection Act as amended, § 820 ILCS 115/1, *et. seq.* (hereinafter "IWPCA") for unpaid employment compensation, unpaid vacation and sick time, and/or any such other relief the Court may deem appropriate. Finally, Plaintiff asserts claims under state law for intentional infliction of emotional distress.

**JURISDICTION AND VENUE**

2.   Jurisdiction is based on 28 U.S.C. §§ 1331 1337, 1343, and 1367(a), 29 U.S.C. §216(b), and principles of pendent and supplemental jurisdiction.

3.   Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

4.   Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) and (b).

**PARTIES**

5.   Plaintiff was formerly employed by Schenker Incorporated ("Schenker"). Plaintiff began his employment in approximately July 2000 and was unlawfully terminated in September 2010. Plaintiff's sex is male. Plaintiff's race is Asian. Plaintiff's national origin is the Philippines.

6.   Plaintiff was an employee of Defendant, within the meaning of FLSA 29 U.S.C. § 203(e) and IWPCA § 820 ILCS 115/2. He is an adult resident citizen of the Northern District of Illinois.

7.   Defendant, Schenker is a multi-national integrated transportation and logistics specialist corporation. Schenker's central North American base of operations is located in Toledo, Ohio. The location at which Plaintiff worked is Des Plaines, Illinois. At all times relevant to this Complaint, Schenker employed more than fifteen (15) employees and was engaged in an industry affecting commerce.

8.   The Defendant is an employer within the meaning of FLSA 29 U.S.C. §203 (d) and IWPCA § 820 ILCS 115/2. The Defendant was, at all relevant times, the employer of Plaintiff.

**FACTUAL ALLEGATIONS**

9. From the time Plaintiff began his employment with Defendants, he worked primarily in the loading dock as a fork lift operator and his job duties included loading freight cargo onto shipping trucks.

10. Throughout his employment, Plaintiff discharged all duties assigned to him competently and enjoyed an excellent reputation with regard to the quality of his work and his conscientious devotion to his job. Plaintiff likewise enjoyed a perfect attendance record. Notwithstanding his impressive job performance, and as described in further detail below, Plaintiff was forced to work in a hostile environment where Schenker's employees and managers openly committed and tolerated sex, race, and national origin harassment and discrimination. Furthermore, once Plaintiff complained about such, he was retaliated against by being suspended and then terminated from his position.

11. Defendant created a hostile work environment in which sexist and racist comments and conduct toward Plaintiff was openly tolerated. The primary examples of Defendant's unlawful conduct involve the continued harassment Plaintiff endured from his supervisor, Rosy Miguel. Examples of that conduct include, but are not limited to the following:

   a) Miguel sending Plaintiff sexually explicit pictures via text message;

   b) Miguel inquiring about Plaintiff's genitals and telling him that "all Philippine men have small genitals;"

   c) Miguel asking Plaintiff, on numerous occasions, if she could hold his genitals in her hand;

   d) Miguel "swiping" Plaintiff's payroll check through her genital area before handing it to him; and,

   e) Miguel, on numerous occasions, touching her crotch when in Plaintiff's presence.

12. Plaintiff made it clear to Miguel at all relevant times that her conduct was offensive, unsolicited, and unwelcome. He repeatedly asked her to stop and she refused.

13. On information and belief, Plaintiff was under the impression that Miguel's harassment and discrimination of him was common workplace knowledge.

14. In March of 2010, Miguel's harassment and discrimination against Plaintiff escalated as did Plaintiff's requests for her to stop said behavior.

15. Following the increase in harassment and discrimination, on March 12, 2010, Plaintiff's Dock Manager, Hector De Jesus, issued him a written reprimand for loading freight that went to an incorrect destination. Plaintiff denied the allegation and refused to sign the written reprimand. Nothing further came of the reprimand.

16. In addition to the foregoing, Defendant otherwise discriminated against Plaintiff on account of his sex by disciplining him for conduct for which similarly situated non-Asian employees were not disciplined and by applying policies to him more harshly than they applied the same policies to non-Asian employees.

17. As an initial matter, Defendants' loading dock workforce was not diversified by race. Throughout Plaintiff's employment with Defendant, he was the only Asian American employee in the area he was employed.

18. Plaintiff was consistently singled out to clean the warehouse in which he worked, while other non-Asian employees were not.

19. Plaintiff was passed over for promotion in favor of other less qualified, non-Asian employees.

20. Plaintiff felt as though he had no reasonable avenue within the workplace by which to seek a remedy for his harassment and discrimination. There was no human

resources department available to him at his workplace for which he could seek redress.

21. Plaintiff did not unreasonably fail to avail himself of any preventive or corrective opportunities offered.

22. On March 31, 2010, Plaintiff reported the unlawful conduct to the Illinois Department of Human Rights ("IDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") in an effort to stop it.

23. As a result of Plaintiff's complaints about unlawful discrimination and harassment, Defendants retaliated against him. Notwithstanding Defendant's duty to prevent and remedy sexual, racial, and national origin harassment and discrimination, Defendant suspended and then terminated Plaintiff for allegedly damaging a freight he loaded.

24. On September 2, 2010, Plaintiff was suspended from work. The reason given for his suspension was that he allegedly had damaged a freight.

25. On September 13, 2010, Plaintiff was told by telephone by Defendant's Human Resources Department that he had damaged freight, damaged property, had sent freight to the wrong destination, and was as such terminated for doing so.

26. Plaintiff denies ever damaging any freight, damaging any property, or sending any freight to the wrong destination.

27. Furthermore, other similarly situated employees who were non-Asian, who were not sexually or racially harassed and discriminated against, and who did not complain to the IDHR or EEOC, but who did damage freights, property, and send freights to the wrong destination in the past, have not been terminated.

28. While Defendant claims that Plaintiff was terminated for damaging freight, property, and sending freights to the wrong destination, this claim is false. Plaintiff was

fired because he had made complaints about Defendant's sexist and racist treatment of him.

29. Furthermore, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff subsequently requested and, on May 25, 2011, received his Notice of Right to Sue from the EEOC.

30. Furthermore, Plaintiff was not paid by Defendant for time worked from August 23, 2010, to August 29, 2010, nor was Defendant paid for unused vacation time and sick days upon termination.

31. Furthermore, as a direct result of Defendant's unlawful conduct Plaintiff has suffered extreme emotional distress.

32. Plaintiff has lost wages, compensation and benefits as a result of Defendant's unlawful conduct.

33. Plaintiff's career and reputation have been irreparably damaged as a result of Defendant's unlawful conduct.

34. Plaintiff suffered embarrassment and humiliation as a result of Defendant's unlawful conduct. Plaintiff suffered loss of enjoyment of life, inconvenience, and other non-pecuniary losses as a direct result of Defendants' unlawful conduct, as well as incurring attorneys' fees and costs.

35. Defendant acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff's rights. The conduct alleged herein was willful and wanton and justifies an award of punitive damages.

## COUNT I

### SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

36. Plaintiff realleges paragraphs 1 through 35 and incorporates them by reference as

paragraphs 1 through 35 of Count I of this Complaint.

37. Title VII makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment, on the basis of sex.

38. Title VII also prohibits sexual harassment. Sexual harassment that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII.

39. By the conduct as alleged herein, Schenker subjected Plaintiff to sex discrimination in violation of Title VII.

## RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment declaring that the Defendant violated Title VII, and the anti-retaliation provisions of those laws.

B. Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

C. Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

D. Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

E. Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

F. Grant such other relief as may be just and proper.

## COUNT II

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

40. Plaintiff realleges paragraphs 1 through 39 and incorporates them by reference as paragraphs 1 through 39 of Count II of this Complaint.

41. Title VII makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment, on the basis of race.

42. Title VII also prohibits racial harassment. Racial harassment that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII.

43. By the conduct as alleged herein, Schenker subjected Plaintiff to racial discrimination in violation of Title VII.

### RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment declaring that the Defendant violated Title VII, and the anti-retaliation provisions of those laws.

B. Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

C. Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

D. Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

E. Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

F.      Grant such other relief as may be just and proper.

## COUNT III

### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

44.    Plaintiff realleges paragraphs 1 through 43 and incorporates them by reference as paragraphs 1 through 43 of Count III of this Complaint.

45.    Title VII makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment, on the basis of national origin.

46.    Title VII also prohibits national origin harassment. National origin harassment that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII.

47.    By the conduct as alleged herein, Schenker subjected Plaintiff to national origin discrimination in violation of Title VII.

## RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.      Enter a declaratory judgment declaring that the Defendant violated Title VII, and the anti-retaliation provisions of those laws.

B.      Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

C.      Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

D.      Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

E. Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

F. Grant such other relief as may be just and proper.

## COUNT IV

### RETALIATION IN VIOLATION OF TITLE VII

48. Plaintiff realleges paragraphs 1 through 47 and incorporates them by reference as paragraphs 1 through 47 of Count IV of this Complaint.

49. Title VII, specifically 42 U.S.C. Section 2000e-3, makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

50. Schenker retaliated against Plaintiff for his complaints of discrimination and sexual harrassment. By its conduct, Schenker subjected Plaintiff to unlawful retaliation in violation of Title VII.

### RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment declaring that the Defendant violated Title VII, and the anti-retaliation provisions of those laws.

B. Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

C. Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

D. Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

  E. Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

  F. Grant such other relief as may be just and proper.

## COUNT V

### RACE DISCRIMINATION IN VIOLATION OF SECTION 1981

 51. Plaintiff realleges paragraphs 1 through 50 and incorporates them by reference as paragraphs 1 through 50 of Count V of this Complaint.

 52. Section 1981 prohibits discrimination based on race, ancestry, or ethnic characteristics in the performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Section 1981 also prohibits harassment based on race, ancestry, or ethnic characteristics.

 53. By the conduct as alleged herein, Defendants subjected Plaintiff to discrimination based on race, ancestry, and ethnic characteristics in violation of Section 1981.

### RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

  A. Enter a declaratory judgment declaring that the Defendant violated Section 1981, and the anti-retaliation provisions of those laws.

  B. Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

  C. Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

  D. Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

    E.    Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

    F.    Grant such other relief as may be just and proper.

## COUNT VI

## ETHNIC CHARACTERISTICS DISCRIMINATION

## IN VIOLATION OF SECTION 1981

54. Plaintiff realleges paragraphs 1 through 53 and incorporates them by reference as paragraphs 1 through 53 of Count VI of this Complaint.

55. Section 1981 prohibits discrimination based on race, ancestry, or ethnic characteristics in the performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Section 1981 also prohibits harassment based on race, ancestry, or ethnic characteristics.

56. By the conduct as alleged herein, Defendants subjected Plaintiff to discrimination based on race, ancestry, and ethnic characteristics in violation of Section 1981.

## RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    A.    Enter a declaratory judgment declaring that the Defendant violated Section 1981, and the anti-retaliation provisions of those laws.

    B.    Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

    C.    Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

D.   Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

E.   Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

F.   Grant such other relief as may be just and proper.

## COUNT VII

### RETALIATION IN VIOLATION OF SECTION 1981

57.   Plaintiff realleges paragraphs 1 through 56 and incorporates them by reference as paragraphs 1 through 56 of Count VII of this Complaint.

58.   Section 1981 makes it unlawful for an employer to discriminate against an employee who has opposed discrimination based on race, ancestry or ethnic characteristics or has assisted or participated in another employee's claim of discrimination.

59.   Defendants retaliated against Plaintiff for his complaints of discrimination based on race, ancestry or ethnic characteristics.  By the conduct as alleged herein, Defendants subjected Plaintiff to unlawful retaliation in violation of Section 1981.

### RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.   Enter a declaratory judgment declaring that the Defendant violated Section 1981, and the anti-retaliation provisions of those laws.

B.   Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

C.   Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

13

    D.    Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

    E.    Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

    F.    Grant such other relief as may be just and proper.

## COUNT VIII

## FLSA CLAIM

60.    Plaintiff realleges paragraphs 1 through 59 and incorporates them by reference as paragraphs 1 through 59 of Count VIII of this Complaint.

61.    Defendant has willfully violated the FLSA by administering an unlawful compensation system that intentionally failed to pay Plaintiff the minimum wage due to him for hours worked within the last three years.

62.    This action is brought to recover unpaid compensation, statutory penalties, and damages owed to Plaintiff by Defendant under FLSA 29 USCS § 206(a).

## RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    A.    Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiff of his entitlement under the FLSA;

    B.    Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

    C.    Award Plaintiff monetary damages in the form of compensation, punitive damages, and liquidated damages equal to his unpaid compensation, plus pre-judgment interest;

D. Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

E. Grant such other relief as may be just and proper.

## COUNT IX

### IWPCA CLAIM IN VIOLATION OF ILLINOIS STATUTORY LAW

63. Plaintiff realleges paragraphs 1 through 62 and incorporates them by reference as paragraphs 1 through 62 of Count IX of this Complaint.

64. Defendant has willfully violated the IWPCA by intentionally failing to pay Plaintiff all compensation due to him under the IWPCA. Defendant administered an unlawful compensation system that failed to provide compensation to Plaintiff for hours worked, unused vacation time, and unused sick days.

65. Plaintiff performed work required by his employment. Defendant initially and continuously refused to pay him for hours he worked, unused vacation time, and unused sick days, despite repeated attempts and appeals to Defendant.

66. The foregoing conduct of Defendant is in violation of the rights of Plaintiff under IWPCA §§ 820 ILCS 115/2-5 and 14.

### RELIEF

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiff of his entitlement under the IWPCA;

B. Award Plaintiff the value of all compensation and benefits as a result of Defendant's unlawful conduct, plus pre-judgment interest;

C. Award Plaintiff monetary damages in the form of compensation, and punitive damages, plus pre-judgment interest;

D. Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant;

E. Award Plaintiff the amount of 2% of his unpaid compensation, and compensation for unused vacation time and sick days, for each month following the date of payment during which such compensation remain unpaid; and

F. Grant such other relief as may be just and proper.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## IN VIOLATION OF ILLINOIS COMMON LAW

67. Plaintiff realleges paragraphs 1 through 66 and incorporates them by reference as paragraphs 1 through 66 of Count X of this Complaint.

68. Illinois law recognizes a cause of action for intentional infliction of emotional distress, which makes unlawful certain extreme and outrageous conduct that results in severe emotional distress.

69. Schenker's conduct was extreme and outrageous, particularly since the conduct at issue was committed by a supervisor who abused her authority over Plaintiff.

70. Schenker intended to inflict severe emotional distress or had actual knowledge that severe emotional distress was certain to occur by engaging in the conduct described herein, in violation of Illinois law.

71. Through its regular decision-making channels, and by persons authorized to act on its

behalf, Schenker directed, encouraged, and participated in the wrongful conduct alleged herein.

## RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    A.    Award Plaintiff compensatory and punitive damages as a result of Defendant's unlawful conduct, plus pre-judgment interest;

    B.    Award Plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by Defendant; and

    C.    Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 22, 2011.

    Respectfully submitted,

    *s/ Ronald C. Dahms*
    Attorney for Plaintiff


    *s/ Sean C. Starr*
    Attorney for Plaintiff

| | |
|---|---|
| Ronald C. Dahms | Sean C. Starr |
| LAW OFFICES OF RONALD C. DAHMS | LAW OFFICES OF SEAN C. STARR |
| 135 S. LaSalle Street, Suite 3300 | 135 S. LaSalle Street, Suite 3300 |
| Chicago, IL 60603 | Chicago, IL 60603 |
| (312) 609-0060 | (312) 609-0060 |